IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY JERMAINE JACKSON, #100300                        PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:13CV1067-HTW-LRA

WARDEN RICE, ET AL.                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant Ray Rice filed a Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [20]. He alleges that Jeffrey Jermaine Jackson (hereinafter "Jackson" or "Plaintiff") failed to exhaust the remedies available through the Administrative Remedy Program (ARP) of the Mississippi Department of Corrections [MDOC]. In support, Rice attached the October 21, 2014, Affidavit of Mary Dempsey, the Administrative Remedy Program [ARP] Coordinator at the East Mississippi Correction Facility [EMCF] [Exhibit 1] and the ARP file of Plaintiff Jackson [Exhibit 3].

Jackson filed this complaint on December 11, 2013, while an inmate at the EMCF, naming Warden Rice, Deputy Warden Federico Ozalle, and Dr. Carl Faulks as Defendants. Ozalle and Faulks have not been served with process, as they were no longer employed at the facility when service of the summonses was attempted. No current addresses have been provided for Ozalle and Faulks. Jackson is now housed at the South Mississippi Correctional Institute [SMCI] in Leakesville, Mississippi.

In his complaint, Jackson charges that he submitted a grievance to Defendant Rice on September 16, 2013, addressing the "living conditions" and how "we are being

mistreated." Additionally, he complained that Dr. Faulks "never acknowledged any of [his] medical requests." Defendants Rice and Ozalle would come on the zone to make rounds or "spray other offenders." Even though Jackson had told them he could not breathe without his inhaler, and would ask them to take him out on the yard when they sprayed mace, they would not protect him from the fumes. According to Jackson, his blood pressure was always high. Although he was seen by a doctor, and medications were ordered, he still had not gotten the medications when he filed his complaint. The only relief requested is set forth in the complaint as follows:

> I'm requesting the courts to review every case that come from this facility. That the Petitioner is asking for relief my medications and to be housed in a better facility or sent back to W.G.C.F.

Complaint, [1, p. 4].

The Court notes that Plaintiff is now housed in SMCI, and the only relief he requests is injunctive in nature. Defendant Rice could not be directed to provide the relief requested by Jackson.

Rice alleges that Plaintiff failed to complete the entire administrative review process before filing suit. According to the affidavit by Ms. Dempsey, Jackson did file the ARP request dated September 16, 2013, which Jackson attached to his Complaint to show exhaustion. In this ARP, Jackson complained that he had not received blood pressure and stomach medications, and he complained of insufficient cleaning supplies,

2

haircuts, shaves, inmate supervision, cold meals, and access to showers and recreation on Unit 5-A.

The grievance procedures at EMCF require that only one issue be placed in an ARP request. Accordingly, Jackson's ARP was rejected and returned for failure to comply with the procedures. *See* Exhibit-2, [20-3]. Jackson was instructed to resubmit his grievance in accordance with ARP policies, but he failed to do so, according to Ms Dempsey.

On August 27, 2013, Jackson submitted an ARP complaining that he had not received his high blood pressure medication. This was ARP No. EMCF-13-1674, attached as Exhibit 2 [20-3, pp. 3-12] to Ms. Dempsey's affidavit. According to Ms. Dempsey, Jackson completed the ARP process when he received a second step response by Dr. Edwards on November 13, 2013. Defendant Rice concedes that this issue was exhausted.

Because Jackson did not properly exhaust his claims, Rice requests that summary judgment be entered in his favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In response to a motion for summary judgment, the non-moving party must provide specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted.

3

*Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir. 1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be

4

brought in court."  The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint.  *Id.*  However, a case is still subject to dismissal where exhaustion is not pled.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs all of Jackson's claims.  Accordingly, he is required to complete the ARP process in its entirety before he is able to file suit under § 1983.  The records reflect that Jackson's ARP regarding his general complaints was rejected as not complying with the policy requiring that each ARP contain only one issue.  Jackson complains that to do this, he would have to write the Warden multiple times and he may never respond. [32, p .4].  Because the Warden and the ARP staff do this to impede inmates' access to the court, according to Jackson, he should be able to write an ARP directly to the Commissioner.  Jackson did this, writing former Commissioner Epps and challenging the conditions of confinement at EMCF.

The exhaustion Jackson refers to only involved his failure to receive medications, and Defendant Rice concedes this issue was exhausted.  Jackson complains about the procedures used in the ARP process, and he is not pleased with how the program works.  He does not agree with the policy that only one claim be submitted at a time.  However, this Court has no power to construct the ARP policies for a prison.  The requirement of exhaustion applies regardless of a plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum

acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Plaintiff's opinion regarding how ineffective the EMCF ARP process was is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*). In this case, Jackson clearly did not fully exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

Additionally, the Court notes that Jackson has only requested injunctive relief, that Warden Rice be ordered to move him to a "better facility" or sent back to WGCF.  Yet, Jackson is now housed at SMCI, and Defendant Warden Rice was the warden only at EMCF. Since he has no authority at SMCI, he has no ability to provide this relief even had Jackson fully exhausted. Because of this, the complaint could also be dismissed on this basis.

The medication issue was not part of the claim against Warden Rice. Although the medication issue was exhausted, Dr. Faulks and Deputy Warden Ozalle have not been served with process. These unserved Defendants could not provide the injunctive relief

requested, because they no longer are employed at EMCF or MDOC. Accordingly, the complaint shall also be dismissed as to Dr. Faulks and former Deputy Warden Ozalle.

For these reasons, the Court finds that Defendant Rice's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [20] must be **granted**, and Plaintiff's Complaint shall be dismissed without prejudice as to all Defendants.

IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice, and Final Judgment shall be entered.

SO ORDERED this the 25th day of August 2015.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE